UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT COURT

-----------------------------------------------------------------X
ANTHONY GIGLIETTI, JR.,

                                  Plaintiff,

      -Against-                             NOTICE OF REMOVAL
                                            10 Civ. ____

ANTHONY BOTTALICO as General Chairman, THE
ASSOCIATION OF COMMUTER RAIL EMPLOYEES,
AND MTA METRO-NORTH RAILROAD
COMPANY,

                                Defendants.
-----------------------------------------------------------------X

      PLEASE TAKE NOTICE that, under 28 U.S.C. § 1441 (a)-(b) and 28 U.S.C. § 1446 (a)-(c), defendants Anthony Bottalico, in his representative capacity as General Chairman of The Association of Commuter Rail Employees, The Association of Commuter Rail Employees (hereinafter collectively referred to as "ACRE") and MTA Metro-North Railroad hereby remove this action from the Supreme Court of the State of New York, County of New York, where it is pending under the name and style of Anthony Giglietti, Jr., Plaintiff, against Anthony Bottalico, as General Chairman, The Association of Commuter Rail Employees, and MTA Metro-North Railroad Company, Index No. 10/104343.

      1. The ground for removal of the action to this Court is that the Complaint raises a federal claim under the Railway Labor Act, 45 U.S.C. § 151, et seq. ("RLA"), namely a "hybrid" claim. A hybrid claim is a two-part claim that plaintiff's union breached its duty of fair representation ("DFR") and that his railroad employer breached the collective-bargaining agreement covering his employment. (A copy of plaintiff's Summons and Complaint is attached as Exhibit A.) Although plaintiff doesn't denominate his claim as

hybrid, that the claim's source is the RLA appears on the face of plaintiff's complaint: he pleads that he was a conductor for Metro-North (Complaint, ¶ 1), that Metro-North is a carrier as defined in 45 U.S.C. § 151 (id., ¶ 6), that he is a member of the Association of Commuter Rail Employees ("ACRE") (id., ¶ 1), that ACRE and Metro-North are parties to a collective-bargaining agreement (id., ¶ 3), and that his disciplinary case was decided by the National Mediation Board (id., ¶¶ 29-34), which was established by the RLA, 45 U.S.C. § 154.

2. Additionally, plaintiff alleges an agreement between himself and ACRE, as well as an agreement between Metro-North and ACRE. (id. ¶¶ 66-69). Plaintiff states that in the agreement he has with ACRE, ACRE agrees to act as plaintiff's bargaining representative. (id. at ¶ 66). ACRE is plaintiff's bargaining representative under the RLA, 45 U.S.C. §§ 151 Sixth, 152 Third. Plaintiff also alleges interference by Metro-North with the contract between ACRE and plaintiff. (id. at ¶¶ 68-69). This allegation is also governed by the RLA, 45 U.S.C. §§ 151 First, 152 Fourth.

3. Plaintiff alleges that Metro-North charged him with disciplinary infractions, including theft, arising from his sale of tickets on January 30, 2009, February 6, 2009, and April 18, 2009 (id., ¶¶ 16-17), and that ACRE, in defending him at the disciplinary hearing, breached its DFR by failing, among other things, to hire a lawyer to represent him and to sufficiently challenge the reports of the "spotters" who reported the suspicious transactions (id., ¶¶ 20-23). He further alleges that ACRE continued to breach its DFR after the hearing by, among other things, not notifying him of appeals it took and thus not allowing him to participate, by not notifying him that he could testify at the arbitration

before the National Mediation Board and by not informing him until January 2010 of the arbitrator's December 2009 decision (id., ¶¶ 26-36).

4. According to plaintiff, Bottalico is being compensated by Metro-North (id., ¶¶ 14, 43), causing ACRE to support Metro-North's requirement that conductors use ticket issuing machines, despite conductors' having problems with TIM malfunctions—the reason, plaintiff claims, for his errors (id., ¶¶ 41-42, 44).

5. Plaintiff further alleges that Metro-North breached the collective-bargaining agreement by firing him without just cause. According to him, he did not steal from Metro-North; rather, he claims that his errors resulted from TIM malfunctions and involved relatively small amounts (id., at, e.g., ¶¶ 40-41, 44, 58, 62). Hence, according to him, the arbitration award upholding his dismissal is wrong (id., 32-34).

6. For a railroad employee, the right to fair representation and the right to a non-discriminatory collective-bargaining agreement are federal rights under the RLA. The federal courts have original, and exclusive, jurisdiction over hybrid claims. See, e.g., Tunstall v. Bhd. of Locomotive Firemen & Enginemen, 323 U.S. 210, 213 (1944). The representative may not discriminate against members of the bargaining unit on an invidious basis. See Steele v. Louisville & N. R.R., 323 U.S. 192 (1944). Further, the railroad is not bound by, and may not benefit from, a discriminatory collective-bargaining agreement which, as a result, the statute prohibits the representative from making. Id.

7. The complaint also asserts a state-law claim for the intentional infliction of emotional distress (Complaint, ¶¶ 52, 60, 62-64). Under 28 U.S.C. § 1441 (c), this purported state-law claim may be removed. Further, if the claim for interference with the contract that is alleged in plaintiff's complaint (Complaint, ¶¶ 66-69) is not found by this

court to arise under the RLA and as a result is not governed by federal law, then under 28 U.S.C. § 1441 (c), this purported state-law claim may also be removed.

8. Both defendant ACRE and defendant Metro-North were served by hand on April 5, 2010. This Notice of Removal is thus timely under 28 U.S.C. § 1446 (b).

Dated: New York, New York
       May 3, 2010

HOLM & O'HARA LLP

By: /s/
Vincent F. O'Hara (VO 1001)
3 West 35th Street, 9th Floor
New York, New York 10001
(212) 682-2280
Attorney for Defendant Anthony Bottalico, in his representative capacity as General Chairman of The Association of Commuter Rail Employees and The Association of Commuter Rail Employees

SETH J. CUMMINS
GENERAL COUNSEL
METRO-NORTH RAILROAD

By: /s/
Frank Rinaldi (FR 4958)
Senior Litigation Counsel
347 Madison Avenue
New York, NY 10017
(212) 340-2027
Attorney for Defendant Metro-North Railroad Company

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------X   Plaintiff designates
ANTHONY GIGLIETTI, JR.                        COUNTY OF NEW YORK
                                              as the place of trial

                                              Index No.: 10/104343

                         Plaintiff,
                                              Date Filed: 4-2-10
                                              The basis of venue is
           Against                            Defendant's principal
                                              Place of business

                                              **SUMMONS**

ANTHONY BOTTALICO as General Chairman,
THE ASSOCIATION OF CMMUTER RAIL
EMPLOYEES, AND MTA METRO-NORTH
RAILROAD COMPANY,

                         Defendant,           Defendants' place of
                                              business is
                                              347 Madison Ave.
                                              New York, New York
-----------------------------------------X
To the above named Defendant

    **YOU ARE HEREBY SUMMONED** to answer the complaint in this action
and to serve a copy of your answer, or, if the complaint is not
served with this summons, to serve a notice of appearance, on the
Plaintiff's Attorney(s) within 20 days after the service of this
summons, exclusive of the day of service (or within 30 days after
the service is complete if this summons is not personally delivered
to you within the State of New York); and in case of your failure to
appear or answer, judgment will be taken against you by default for
the relief demanded in the complaint.

Dated:  Melville, New York
        April 1, 2010



ACCEPTED ON BEHALF OF
METRO-NORTH
APR - 5 2010

NEW YORK
COUNTY CLERK'S OFFICE

APR 02 2010

NOT COMPARED
WITH COPY FILE

/s/ Steven L. Barkan
STEVEN L. BARKAN, Esq.
STEVEN L. BARKAN, P.C.
Attorneys for Plaintiff(s)
445 Broad Hollow Road
    Suite 25
Melville, New York 11747
(516) 358-3688

Defendant's Address:    MTA Metro-North Commuter Railroad
                        347 Madison Ave.
                        New York, New York 10017

                        The Association of Commuter Rail
                        Employees
                        347 Madison Ave.
                        New York, New York 10017

SUPREME COURT STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------X
ANTHONY GIGLIETTI, JR.

                     Plaintiff                VERIFIED COMPLAINT

      -against-                            INDEX NO.:

ANTHONY BOTTALICO as General Chairman,
THE ASSOCIATION OF COMMUTER RAIL
EMPLOYEES, AND MTA METRO-NORTH
RAILROAD COMPANY,

                     Defendants,
-----------------------------------------------------------------X

      Plaintiff, ANTHONY GIGLIETTI, JR., by his attorneys, STEVEN L. BARKAN P.C., complaining of the Defendants, ANTHONY BOTTALICO, as General Chairman, THE ASSOCIATION OF COMMUTER RAIL EMPLOYEES, here in after "ACRE", and MTA METRO-NORTH RAILROAD COMPANY, here in after " METRO-NORTH" states and alleges as follows:

1. Plaintiff was a Assistant Conductor employed by METRO-NORTH and is a member o ACRE. He resides kin the State of Connecticut.
2. Defendant, ANTHONY BOTTALICO, is sued in his representative capacity as chairman of ACRE.
3. ACRE is a party to a collective bargaining agreement with defendant METRO-NORTH.
4. ACRE is a representative designated by employees employed as conductors by METRO-NORTH to act for said employees with a principal place of business located at 347 Madison Avenue in the City and State of New York.
5. Defendant, METRO-NORTH is an operating agency of the Metropolitan Transportation Authority, which provides commuter rail service.

1

6. METRO-NORTH is a carrier as defined by 45 USC 151 with a principal place of business located at 347 Madison Avenue in the City and State of New York.

7. Plaintiff was a conductor employed by METRO-NORTH for two years having transferred from a similar position with AMTRAK which he held for ten years.

8. Plaintiff had a perfect record while employed by AMTRAK and was hired by Metro-North based upon that record.

9. That in and about 2008 METRO-NORTH purchased ticket-issuing machines (TIM), which it ordered some of its conductors to use.

10. Upon information and belief the TIMS's were purchased by METRO-NORTH by one of its officers who was related to a person that worked in the company from which the TIM's were purchased.

11. That at all times here in after mentioned there were problems with the TIM that interfered with conductors such as plaintiff in their ability to collect fares.

12. That METRO-NOTH placed a high priority in forcing conductors to use the TIM.

13. That METRO-NORTH placed a high priority in enforcing regulation relating to the TIM and protecting its inconsistent performance.

14. That upon information and belief the chairman of ACRE, Anthony Bottalico, receives funds and is paid moneys directly by METRO-NORTH.

15. Upon information and belief there is a contract between ACRE's chairman and METRO-NORTH, which enables METRO-NOTH to stop making payments to the chairman of ACRE if he does not act in furtherance of METRO-NORTH's interests.

16. That by letter dated May 5, 2009, plaintiff was charged of collecting fares without issuing tickets to three spotters on three different occasions and collecting and not remitting fares of $14.00, $15.00 and $14.00 on January 30th, February 6th, and April 18, 2009, respectively.

17. Plaintiff was also accused of theft.

18. That on these three occasions plaintiff was allegedly issuing tickets to persons designated as "spotters".
19. Upon information and belief spotters are employed to purchase tickets on METRO-NORTH's trains and look for irregularities in the procedures used by conductors.
20. That on May 12, 2009 a hearing was held before a METRO-NORTH employee, Clyde Armstrong,.
21. That ACRE representative, Lloyd Fishbeck, represented the plaintiff.
22. That although METRO-NORTH made it clear in a pre-trial conference that it would not compromise and wanted to terminate plaintiff's employment, ACRE did not obtain a lawyer to represent plaintiff even though he could lose his job paying $130,000.00 per annum and he was the sole support of his wife and two daughters.
23. That the spotters were not named and claimed to pick plaintiff as the offending conductor from pictures under dubious circumstances and their allegations that they were even on the specific trains, had or lost money or any other basics were not challenged.
24. That on May 18, 2009 a notice of discipline was issued by Metro-North dismissing plaintiff in all capacities ,having apparently found plaintiff guilty of all offenses.
25. Other than the letter of May 18th, plaintiff was never provided with the hearing examiners decision.
26. This decision was apparently appealed to Metro-North's management and was denied.
27. Plaintiff was never informed that his case was being appealed and, as such never had an opportunity to participate in the appeal process or approve what was allegedly prepared in his behalf.
28. That ACRE never provided plaintiff with a copy of Armstrong's decision or provide plaintiff with an opportunity to assists in the appeal or object or agree to any actions that were allegedly performed in his behalf.

29. That ACRE allegedly acting upon plaintiff's behalf submitted an appeal to the National Mediation Board.
30. That Acre never provided plaintiff with copies of the papers that were submitted allegedly in his behalf.
31. That ACRE never informed plaintiff that he could participate and testify in his own behalf at the National Mediation Board Arbitration.
32. On December 9, 2009 an award was issued denying plaintiff's claim.
33. The arbitrator's award did not find plaintiff guilty of theft, but only of poor procedure in using the TIM on two occasions not three.
34. The arbitrators found that plaintiff did not complain of Tim malfunctions and delays even though Metro-North's witnesses testified that they were having TIM malfunctions.
35. Although the decision was prepared on December 9, 2010, ACRE did not inform plaintiff of the decision until January 2010.
36. Plaintiff was dismissed in all capacities.
37. Plaintiff requested that Anthony Bottalico, chairman of ACRE intercede on his behalf and request that the Metro-North reinstate plaintiff as an assistant conductor.
38. That Anthony Bottalico on behalf of Acre refused plaintiff's request to intercede and obtain plaintiff's reinstatement at Metro-North.
39. That on numerous occasions when conductors were found guilty of theft in amounts as large as $11,000.00; Acre interceded with Metro-North and negotiated their return to duty.
40. That ACRE though its chairman refused to intercede on plaintiff's behalf although he was ultimately only found guilty of a twenty-nine ($29.00) dollar error.
41. Upon information and belief plaintiff received such a severe and unconscionable punishment because said error involved a TIM.
42. Upon information and belief ACRE was and is supporting Metro-North's use of the TIM in detriment to its members interests.

43. That ACRE's chairman, Anthony Bottalico receives money from Metrto-North pursuant to a contract with Metro-North and, as such, cannot act in an independent and unbiased manner.
44. Upon information and belief Acre's support of TIM issues and the arbitrary, capricious and unconscionable punishment that plaintiff received is a result of ACRE 's chairman's agreement with Metro-North.
45. That because ACRE's chairman is receiving payments directly from Metro-North plaintiff was not properly and fairly represented.
46. That the actions of Acre were arbitrary and capricious and discriminated against plaintiff.
47. That ACRE had an obligation to treat all factions and segments of its membership without hostility or discrimination, exercise its broad discretion in asserting the rights of its individual members in complete good faith and honesty and avoid arbitrary conduct.
48. That in its representation of plaintiff, ACRE's conduct was arbitrary.
49. That in its representation of plaintiff, ACRE did not exercise complete good faith and honesty.
50. That in its representation of plaintiff, ACRE treated plaintiff with hostility and discrimination.
51. That as a result of ACRE's actions, plaintiff is unable to return to his position as Assistant Conductor, and will not be able to obtain a job in any other railroad, and has lost and will lose $130,000.00 per annum, medical and pension benefits, sick pay and other benefits amounting to six million dollars.
52. That plaintiff has suffered and will suffer from emotional distress as a result of Acre's actions.

**AS AND FOR A SECOND CAUSE OF ACTION**

53. Plaintiff repeats and reiterates numbers 1 through 52 as set forth above as if set forth in there entirety.
54. That Metro-North acted in conjunction with ACRE acted in concert to discriminate against plaintiff.

55. That defendants knew of the difficulties and malfunctions of the TIM prior to prosecuting plaintiff for errors relating to the use of the TIM.
56. Upon information and belief defendants prosecuted plaintiff and will not return him to his position as an Assistant Conductor because they wanted to intimidate the other conductions to use the TIM even if it malfunctioned and was inefficient.
57. That on January 15, 2010 after Plaintiff was found guilty METRO-NORTH provided guidance to conductors to alleviate some of the problems with the TIM.
58. Even though defendants were aware of these problems they refused to reinstate plaintiff although they reinstated other Assistant Conductors that actually stole thousands of dollars with the requirement that they repay the stolen dollars and would not reinstate plaintiff when he was accused of a $29.00 error.
59. As a result of defendants' actions, plaintiff has and will lose $130,000.00 per annum along with other benefits amounting to over six million dollars.
60. Plaintiff will lose his house and has to remove his daughters from parochial school causing him to suffer and continue to suffer server emotional distress.

### AS AND FOR A THIRD CAUSE OF ACTION

61. Plaintiff repeats and reiterates numbers 1 through 60 as set forth above as if fully set forth.
62. That METRO-NORTH's extreme prosecution of plaintiff's at most minor infraction to intimidate conductors to use a TIM and refusal to reverse the decision to terminate plaintiff after having reinstated other individuals that stole thousands of dollars from the railroad when it knew that he was the sole support of his family was extremely outrageous conduct.
63. That METRO-NORTH's actions were made in a reckless disregard of a substantial probability of causing emotional distress to plaintiff.

6

64. That METRO-NORTH's actions caused plaintiff to lose a recreation vehicle, his vehicles and soon the family home and removal of his daughters from parochial school causing plaintiff to sustain severe emotional distress.

**AS AND FOR A FORTH CAUSE OF ACTION**

65. Plaintiff repeats and reiterates numbers 1 through 64 as if fully set forth herein.
66. That plaintiff and ACRE have an agreement in which ACRE agrees to be plaintiff's bargaining representative and protect him from the improper acts of his employer, METRO-NORTH.
67. That METRO-NORTH is aware of the agreement between ACRE and plaintiff.
68. That METRO-NORTH's contractual agreement and direct payment to ACRE's chairman make it impossible for ACRE to perform its agreement with plaintiff.
69. That METRO-NORTH's interference with the contract between ACRE and plaintiff have caused plaintiff to lose vehicles, remove his children from parochial school, sell the family home, lose past and future wages and benefits of over $6,000,000.00 as well as incurring the costs of substantial attorneys fees.

WHEREFORE, Plaintiff demands judgment and joint and several liability in an amount greater than the jurisdictional limits of any of the lower courts that may have jurisdiction in this matter against defendants METRO-NORTH and ACRE for back pay, front pay, sick pay, pension benefits as well as counsel fees in an amount to be determined by the Court

Dated: Melville, New York
April 1, 2010

Steven L. Barkan
STEVEN L. BARKAN P.C.

445 Broad Hollow Road
Suite 25
Melville, New York 11747
(516) 358-3688

8

# ATTORNEYS VERIFICATION

STEVEN L. BARKAN, an attorney duly licensed to practice law in the State of New York, hereby affirms under the penalties of perjury: I am the attorney for plaintiff, Anthony Giglietti, Jr., in the within action. I have read the foregoing Complaint and know the contents thereof; and upon information and belief; the same are true except as to those matters alleged upon information and belief, which I believe to be true.

The information contained in the aforementioned Complaint was derived from conversations with Plaintiff and other as well as from documentation in my file.

The reason that this verification is being made by me and not by Plaintiff is that Plaintiff resides in a county other than where I maintain my office.

Dated: Melville, New York
       April 1, 2010

_____
Steven L. Barkan

INDEX NO.
-------------------------------------------------------------X
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------
ANTHONY GIGLIETTI, JR.,

                Plaintiff,

-against-

ANTHONY BOTTALICO as General Chairman,
THE ASSOCIATION OF COMMUTTER RAIL
EMPLOYEE, AND METRO-NORTH
RAILROAD COMPANY,

                Defendants.
------------------------------------------------------------------

SUMMONS AND COMPLAINT
------------------------------------------------------------------

STEVEN L. BARKAN, P.C.
Attorneys for Plaintiff(s)
445 Broad Hollow Road
Suite 25
Melville, New York 11747
(516) 358-3688
(631) 881 0818
2103 (B) (5) Notice: Service of Papers by electronic means
is Not Accepted
------------------------------------------------------------------

Pursuant to 22NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the Courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.
Dated:_____

                _____
                *Steven L. Barkan*