UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x

ANTHONY GIGLIETTI, JR.,

       Plaintiff,

    -v-                                No.  10 Civ. 3652 (LTS)

ANTHONY BOTTALICO, THE
ASSOCIATION OF COMMUTER RAIL
EMPLOYEES, and MTA METRO-NORTH
RAILROAD COMPANY,

       Defendants.

----------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED   1 6 JUN 2011

## ORDER

       Plaintiff Anthony Giglietti, Jr. ("Plaintiff" or "Giglietti") brought this action in New York County Supreme Court against Anthony Bottalico ("Bottalico"), the Association of Commuter Rail Employees ("ACRE" and, together with Bottalico, the "Union Defendants"), and MTA Metro-North Railroad Company ("Metro-North" and, together with the Union Defendants, "Defendants") asserting a "hybrid" claim pursuant to the Railway Labor Act ("RLA"), 45 U.S.C. § 151 et seq., as well as claims of intentional infliction of emotional distress and interference with contract under New York state law.  Defendants removed the action to this Court on May 4, 2010.  (Docket entry no. 1.)  On February 25, 2011, Defendants moved to dismiss the complaint (docket entry no. 22) and on May 26, 2011, the Court granted Defendants' motion to dismiss Plaintiff's RLA claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and declined to exercise supplemental jurisdiction of Plaintiff's state law claims (docket entry no. 33

(the "May 26 Order")).  Plaintiff has moved for reconsideration of the Court's dismissal of the

RLA claim or, in the alternative, for an order remanding the action to state court.  (Docket entry

no. 37.)

"A movant for reconsideration bears the heavy burden of demonstrating that there

has been an intervening change of controlling law, that new evidence has become available, or

that there is a need to correct a clear error or prevent manifest injustice."  Virgin Airways v.

Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (citation omitted).  The movant must

show that "the Court has overlooked controlling decisions or factual matters that were put before it

on the underlying motion . . . and which, had they been considered, might have reasonably altered

the result before the court."  Range Road Music, Inc. v. Music Sales Corp., 90 F. Supp. 2d 390,

392 (S.D.N.Y. 2000) (emphasis and alteration in original, citation and internal quotation marks

omitted).  A motion for reconsideration "must be narrowly construed and strictly applied in order

to discourage litigants from making repetitive arguments on issues that have been thoroughly

considered by the court."  Id. at 391-92.

Plaintiff's motion for reconsideration is premised on the contention that the

payment arrangement between Bottalico and Metro-North at issue in this case is different from the

"no docking" provisions that have been repeatedly held not to constitute unfair labor practices, in

that the Bottalico-Metro-North arrangement was not made pursuant to a collective bargaining

agreement ("CBA").  However, the May 26 Order did not rely on the payment arrangement having

been created pursuant to a CBA.  Plaintiff's other arguments are merely repetitive of arguments

considered and rejected by the Court in its resolution of the underlying motion to dismiss the

complaint.  Plaintiff's motion therefore fails to identify any infirmity in the May 26 Order, much

less any ground warranting reconsideration of that Order.

The Court does, however, grant Plaintiff's motion insofar as it seeks remand of the state law claims to New York County Supreme Court. The Court further finds that there exist no just reasons for delay of entry of judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedures and hereby directs the Clerk of Court to enter an amended judgment granting Defendants' motion to dismiss the complaint as to the federal claims, declining to exercise jurisdiction of the state law claims, and remanding this action to state court to the extent that state claims are asserted. The Clerk of Court is further requested to effect the remand to state court promptly.

This Order resolves docket entry no. 37.

SO ORDERED.

Dated: New York, New York
       June 16, 2011

LAURA TAYLOR SWAIN
United States District Judge